**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3188-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TARI D. TURPIN,

    Defendant-Appellant.

_____

Submitted April 23, 2024 – Decided September 11, 2024

Before Judges Sumners and O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-05-0885.

Jennifer Nicole Sellitti, Public Defender, attorney for the appellant (David J. Reich, Designated Counsel, on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for the respondent (Meagan E. Free, Assistant Prosecutor, on the brief).

PER CURIAM

This matter returns to us after a remand to the post-conviction relief (PCR) judge to conduct an evidentiary hearing. The hearing was to address why trial counsel did not, as to shooting A.M.,[1]: (1) argue in summation that defendant Tari D. Turpin was not reckless; and (2) request a jury causation charge. Following the hearing, the judge denied defendant relief. For the reasons set forth below, we vacate defendant's conviction as to A.M. and remand for new trial.

I

The parties are fully familiar with the facts and procedural history as set forth in our prior opinions on defendant's direct appeal and PCR petition, and therefore, only a brief summary is necessary to provide context to this opinion. State v. Turpin, No. A-1745-15 (App. Div. June 8, 2017), certif. denied, 231 N.J. 539 (2017) (Turpin I); State v. Turpin, No. A-1236-18 (July 6, 2020) (Turpin II).

On August 25, 2013, at about 4:30 a.m., defendant, with his two infant children and the children's mother, were riding a PATH train from New York to Jersey City when they got into an argument with a female passenger, D.D.

---

[1] We use initials to identify the victims to protect their privacy.

Defendant pulled out a gun from his pocket, and then returned it to his pocket. After defendant pulled the gun out of his pocket again, D.D.'s friend, A.M, intervened. D.D. testified that before she and her brother could get off the train, A.M. "comes out of nowhere" and "swings at [] defendant." According to A.M., he put his left hand over defendant's pocket containing the gun, and his right hand on defendant's wrist to keep defendant from pulling out the gun. Defendant fired the gun, shooting off three fingers of A.M.'s left hand and shooting himself in the leg. When the train reached the Jersey City station, defendant exited, still holding the gun. He then paused, turned, and fired two shots at D.D., hitting her once in the leg and shattering her ankle. Defendant fled, discarding the gun, which was later recovered by the police. Defendant was arrested a few blocks from the train station.

A jury found defendant guilty of two counts of second-degree aggravated assault—against D.D. and A.M., creating a risk of injury, and several weapons offenses. He was sentenced to an aggregate term of thirty years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, consisting of an extended prison term of twenty years for shooting D.D., with a consecutive ten-year term for shooting A.M. We affirmed defendant's conviction and sentence. Turpin I, slip op. at. 3.

A-3188-21

Defendant next sought PCR relief, raising numerous claims of ineffective assistance of counsel. The PCR judge dismissed the petition, and defendant appealed. We affirmed in part and reversed in part, remanding for an evidentiary hearing with respect to defendant's argument that trial counsel was ineffective in defending against the charge of aggravated assault upon A.M. Turpin II, slip op. at 4.

We reasoned:

> Given A.M.'s conduct in placing himself into the quarrel between defendant, defendant's female companion, and D.D., by putting his hand inside defendant's pocket — after defendant put the gun back in his pocket — to take control of the gun, coupled with the State's argument that defendant was reckless for carrying a loaded gun onto a public train, the jury's consideration of A.M.'s conduct may have resulted in a different outcome on the conviction for aggravated assault of A.M. had counsel addressed defendant's reckless state of mind or lack thereof and requested a causation charge. Because we conclude there is no illuminating theory as to why counsel did not argue a defense to recklessness during summation and did not request a jury charge regarding causation, defendant has made a prima facie case of ineffective assistance of counsel.
>
> We therefore remand for an evidentiary hearing to determine whether trial counsel considered arguing defendant was not reckless and why a causation charge was not requested. If at the hearing, the PCR judge determines defendant satisfies his claim that counsel's performance fell below professional norms, the judge

4

should determine the probability of whether the jury's verdict on aggravated assault against A.M. might have been different.

[Id. slip op. at 22.]

In the ensuing evidentiary hearing,[2] trial counsel testified that he considered whether to make an argument against recklessness. He stated:

> I made a deliberate decision not to address the recklessness. It was a strategic decision. I did that because quite frankly, the evidence that was presented at trial of recklessness was overwhelming from the issue of [defendant] bringing a loaded firearm onto a crowded PATH train to him pulling it out with respect to [D.D.] to him, again, attempting to pull the gun out with regard to [A.M.]. I made, again, a strategic decision not to argue that because I felt that evidence was so overwhelming that[,] if I looked the jury in the face and said that [defendant] was not reckless[,] I would lose all credibility with them. So[,] therefore, I focused on the fact that [defendant] did not knowingly or purposefully shoot [A.M.]

As for a causation charge, trial counsel stated:

> I did . . . not ask for a causation charge because I felt the facts that were in the record did not warrant a causation charge. And I say that because the testimony as I recollect with regard to the shooting of [A.M.] was

---

2  When a dispute arose regarding the PCR court's rulings limiting cross-examination of trial counsel, PCR counsel was granted a stay pending a motion to our court for leave to appeal. We denied leave to appeal, as did our Supreme Court. See generally State v. Turpin, 249 N.J. 450 (2022).

that the incident occurred that [defendant] had pulled out the gun and threatened [D.D.] with it. He then put the gun back, or holstered the gun . . . or put the gun back, concealed the weapon. [A.M.] saw that incident, became upset, some time lapsed, and [A.M.] then got into [defendant's] face. [Defendant] tried to pull out the weapon, [A.M.] put his left hand, which was his dominant hand if I recall, on the outside of [defendant's] pocket and put his right hand on his wrist. Those facts . . . and then in the struggle the gun went off. And those facts, to me, didn't lead or didn't create the factual record needed to say that [A.M.] was the superseding cause of the discharge. I say that because there was not testimony in the record that [A.M.] had his hand on the trigger, there was no testimony in the record that [A.M.] had his hand in his pocket, so I didn't believe that the facts warranted. Also, that decision was reaffirmed by the fact that [defendant] chose not to testify. So based on the testimony of [A.M] and the failure of [defendant] to testify I did not ask for that charge because . . . I didn't think the facts would lead to a superseding causation charge.

Trial counsel acknowledged on cross-examination he had argued in his summation to the jury that A.M., not defendant, was the aggressor, and that A.M. started the fight, grabbed defendant's pocket, and the gun went off. There is no indication in the hearing record that counsel ever discussed this trial strategy with defendant or obtained his approval to offer no defense to recklessness.

The PCR judge issued an order and written decision denying relief. The judge accepted "[t]rial counsel's decision to not address recklessness in summation . . . [as] a strategically sound decision based on the facts presented

6

at trial." The judge also rejected the claim that trial counsel's failure to request a causation charge was ineffective assistance.

As for trial counsel's summation, the PCR judge reasoned:

> Here, there is no question that [defendant's] reckless conduct was the cause of A.M.'s serious bodily injury, thus satisfying the statutory requirements for reckless aggravated assault. [Defendant] submits, "[r]easonably competent counsel would have argued . . . that even if [defendant's] conduct was initially reckless . . . [,] A.M.'s injury was caused by his <u>superseding event</u> that took place when he approached [defendant], hit him and grabbed his pocket." Contrary to [defendant's] recounting of the events, however, the Appellate Division asseverated in their factual findings, "[defendant] began to pull the gun back out of his pocket, and . . . A.M. [] intervened."[3] The [Appellate] Division continued, "A.M.[] [then] . . . put his left hand over the pocket containing the gun[] and put his right hand on [defendant's] wrist in an effort to keep him from pulling out the gun. [Defendant] fired the gun, shooting off three fingers of A.M.'s left hand but also wounding himself in the leg."

> . . . .

> Further, [defendant's] assertion that "A.M.'s injury was caused by his superseding event" is without merit. When [defendant] brandished a loaded handgun during a verbal altercation with another on an occupied train car, the result risked and the actual result, regardless of A.M.'s actions, are one in the same – serious bodily injury to another. There was nothing extraordinary or

---

[3] As noted later, defendant disputes that the record unequivocally establishes he pulled out his gun a second time.

abnormal about A.M.'s effort to keep [defendant] from pulling out his weapon. Rather, attempting to protect yourself or others from the use of a deadly weapon, here a handgun, is "a normal and reasonably foreseeable result" of [defendant's] initial conduct. [See State v. Pelham, 176 N.J. 448, 465 (2003).] [(All alterations in original but "defendant('s)")].

Regarding the causation charge, the PCR judge determined:

[Defendant] fails to overcome the strong presumption that trial counsel rendered adequate assistance because he has not shown that trial counsel's decision to forego requesting a causation charge was unreasonable or that he suffered prejudice as a result. Specifically, it was not unreasonable for trial counsel to forego requesting a causation charge because, after reviewing the facts of this case, [defendant's] conduct was the but-for cause of the injury to A.M., and A.M.'s conduct was not an intervening cause. Accordingly, [defendant] fails to show that trial counsel's failure to request a causation charge constitutes ineffective assistance of counsel.

Defendant appeals, arguing:

POINT ONE

THE PCR COURT SHOULD HAVE FOUND TURPIN'S DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO ADAPT HIS SUMMATION TO A JURY INSTRUCTION HE KNEW WAS COMING AND IN FAILING TO REQUEST A SEPARATE JURY CHARGE CONCERNING CAUSATION WHICH WOULD HAVE HELPED THE JURY CONSIDER THE DEFENSE'S VERSION OF EVENTS.

A. Introduction.

8

B.  Ignoring A Forthcoming Jury Instruction Does Not Constitute The Reasonable Exercise Of Professional Judgment.

C.  Defense Counsel Was Not Compelled To Concede Recklessness.

D.  In View Of The Evidence Cited In His Own Summation, Defense Counsel Had No Valid Reason Not To Argue Causation Or Request A Causation Charge.

E.  Defense Counsel's Contention At The Evidentiary Hearing That A Causation Charge Was Unwarranted Was Based On A Factual Version Which Favored The State And Differed Dramatically From The Factual Version He Had Presented Previously During His Summation.

F.  The Version Of Events Cited By The PCR Court In A Portion Of Its Decision Differed From The Final Version Discussed In This Court's Decision Directing A Remand To The PCR Court.

G.  The PCR Court's Suggestion That Turpin Was Not Entitled To A Jury Charge Concerning Causation Was Contrary To Settled Law; The PCR Court Erred In Concluding That The Holding In State v. Pelham Extends To This Case.

H.  Turpin Has Established That His Counsel's Assistance Was Ineffective.

II

9

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the way counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58-60 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A-3188-21

"Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Echols, 199 N.J. 344, 358 (2009)). Rather, "a [petitioner] must establish that trial counsel's actions did not equate to 'sound trial strategy.'" State v. Castagna, 187 N.J. 293, 314 (2006) (quoting Strickland, 466 U.S. at 689).

Where, as here, the PCR judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "'so long as those findings are supported by sufficient credible evidence in the record.'" State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Elders, 192 N.J. 224, 243 (2007) (citation and internal quotation marks omitted)). Additionally, we defer to a trial judge's findings that are "'substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" Ibid. (quoting Elders, 192 N.J. at 244). However, a "PCR [judge's] interpretation of the law" is afforded no deference and is "reviewed de novo." Nash, 212 N.J. at 540-41 (citing State v. Harris, 181 N.J. 391, 415-16 (2004), certif. denied, 545 U.S. 1145 (2005)).

Applying these standards, we are constrained to reverse and remand for a new trial regarding defendant's conviction for aggravated assault of A.M. We

11

ordered an evidentiary hearing be held because "the jury's consideration of A.M.'s conduct may have resulted in a different outcome on the conviction for aggravated assault of A.M. had counsel addressed defendant's reckless state of mind or lack thereof and requested a causation charge." Turpin II, slip op. at 22. We disagree with the PCR judge's determination that trial counsel's strategic decision to forgo arguing defendant was not reckless and not to request a jury causation charge was reasonable. We conclude that, had trial counsel's strategy not been employed, there was a reasonable probability the jury could have found defendant not guilty of aggravated assault against A.M.

At trial, there were two different versions of the incident. The State contended defendant pulled the gun out of his pocket a second time before A.M. grabbed his hand causing a struggle resulting in A.M. being shot in the hand. Trial counsel summed up arguing that before A.M. was shot in the hand, A.M. injected himself into the dispute D.D. had with defendant and defendant's mother's children, tried to hit defendant, and attempted to take control of the gun in defendant's pocket. Whether defendant's recklessness caused A.M. to be shot was the prime issue for the jury to determine whether defendant was guilty of second-degree aggravated assault.

To find a person guilty of second-degree aggravated assault, the jury must determine "if the person . . . [a]ttempts to cause serious bodily injury to another, or causes injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury[.]" N.J.S.A. 2C:12-1(b)(1) (emphasis added). Each mental state individually satisfies the statute for second-degree culpability.

Where a jury must determine if a defendant acted recklessly, "the State must prove at least one of two forms of causation: (1) 'the actual result must be within the risk of which the actor is aware'; or (2) 'if not, the actual result must involve the same kind of injury or harm as the probable result.'" State v. Parkhill, 461 N.J. Super. 494, 501 (App. Div. 2019) (citing N.J.S.A. 2C:2-3(c)); see also State v. Buckley, 216 N.J. 249, 263 (2013).

We agree with defendant's arguments regarding the proofs the State was required to show recklessness. He contends, citing Buckley, 216 N.J. at 264, that under the first prong, "the State was required to prove to the jury beyond a reasonable doubt in this case that [defendant] was aware that showing his gun had created a risk of serious injury." And citing State v. Eldridge, 388 N.J. Super. 485, 500 (App. Div. 2006), he contends that under the second prong the State had to prove "that A.M.'s injury was not 'too accidental in its occurrence

or too dependent on [A.M.'s] volitional act to have a just bearing on [defendant's] liability.'"

Although the indictment charged only purposeful or knowing aggravated assault upon A.M., the trial court denied defendant's Reyes[4] motion to dismiss the aggravated assault charge for lack of proof of intent and also granted the State's request for a charge of recklessness. Aware that recklessness was now an alternative state of mind for the jury's consideration, defense counsel neither argued defendant's lack of recklessness in summation nor requested a causation charge. Significantly, there was no testimony that defendant agreed with this strategy as trial counsel clearly stated on the record that he made the strategic decision not to argue recklessness on summation or to request a causation charge.

We disagree with the PCR judge that this was sound strategy. If the jury declined to find defendant acted purposefully or knowingly, defendant faced the same second-degree culpability if the jury nevertheless found his conduct reckless. Trial counsel's strategy that he did not want to lose credibility with the jury by arguing defendant was not reckless in shooting A.M. was unreasonable. As defendant argues before us, considering he "perceived [a] threat of a drunken

---

[4] State v. Reyes, 50 N.J. 454 (1967).

crowd screaming at him and pushing him against the wall of the train while his two young children and their mother sat nearby[,]" trial counsel could have reasonably argued to the jury that he was not reckless. Trial counsel could have "characterized [defendant's] action [of showing the gun] as a spontaneous defensive gesture, as distinguished from a reckless action taken in conscious disregard of a known risk" and "emphasized that [defendant] had put the gun back in his pocket before A.M. assaulted [defendant], grabbed the pocket where the gun was located, and the gun went off." Furthermore, trial counsel could have asserted defendant was not reckless because he could not have expected A.M.'s aggressiveness in reigniting a dispute that had de-escalated.

We fully appreciate defendant's conduct in displaying a loaded gun on a crowded train during a heated dispute with drunken passengers is dangerous. Yet, the fact remains that the only reasonable defense was for trial counsel to stress that defendant did so to de-escalate the situation, not to shoot anyone, and A.M. escalated the situation, which led to him being shot. As we stressed in our remand decision, not arguing against recklessness effectively amounted to no defense by tacitly admitting to reckless aggravated assault. Trial counsel's strategic explanation is unavailing and particularly concerning as the record presents no evidence that counsel discussed this approach with defendant. At

15

minimum, before unilaterally adopting a trial strategy not to refute the State's equally serious alternative allegation that defendant acted recklessly, counsel should have consulted defendant, whose sole province it is to decide when and whether to assert his innocence. See McCoy v. Louisiana, 584 U.S. 414, 422 (2018) (recognizing counsel may not strategically concede guilt when a client's trial objective is to profess innocence).

Turning to trial counsel's decision not to request a causation charge, this was also ineffective assistance. Our high Court held, "[w]hen . . . divergent factual versions give rise to different theories of causation, the trial court should provide the jury with appropriate instructions, depending on which version it chooses to accept." State v. Martin, 119 N.J. 2, 16-17 (1990). In Parkhill, we held the trial court erred in not giving a causation charge. 461 N.J. Super. at 499. We ordered a new trial, "[b]ased on the victim's actions and defendant's contention that the victim caused the accident, the court should have delivered the model jury charge on causation, consistent with N.J.S.A. 2C:2-3(c)." Id. at 497. Thus, where causation is at issue and a separate causation charge is not given, there is a "clear capacity to produce an unjust result." Martin, 119 N.J. at 34; see also Parkhill, 461 N.J. Super. at 499; Eldridge, 388 N.J. Super. at 500.

A-3188-21

The causation charge under N.J.S.A.2C:2-3 regarding reckless conduct provides:

> Causation has a special meaning under the law. To establish causation, the State must prove two elements, each beyond a reasonable doubt:
>
> First, but for the defendant's conduct, the result in question would not have happened. In other words, without defendant's actions the result would not have occurred.
>
>     . . . .
>
> Second, [for reckless conduct] that the actual result must have been within the risk of which the defendant was aware. If not, it must involve the same kind of injury or harm as the probable result and must also not be too remote, too accidental in its occurrence or too dependent on another's volitional act to have a just bearing on the defendant's liability or on the gravity of his/her offense. [alteration in original]
>
> [Model Jury Charges (Criminal), "Causation (N.J.S.A. 2C:2-3)" (approved June 10, 2013).]

The facts here supported a causation charge because the State had to prove defendant was responsible for causing A.M. to be shot. Defendant was not required to prove that A.M. pulled the trigger or even how A.M. was shot. The State was required to prove beyond a reasonable doubt that defendant caused A.M.'s injury. Because there were two different versions of the shooting,

17

including one indicating that A.M. was the instigator, a causation charge was warranted.

In conclusion, we express no view on the outcome at a new trial. Vacating defendant's conviction and sentence for second-degree aggravated assault as to A.M. is not a suggestion that the jury could not have convicted defendant of the offense. Rather, we conclude there was a reasonable probability based on the facts presented that trial counsel was ineffective for failing to argue defendant was not reckless in shooting A.M., given it was an independent alternative basis for the offense, and for failing to request a causation jury charge given A.M.'s conduct.

Reversed as to the second-degree aggravated assault of A.M. and remanded for retrial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18                                                          A-3188-21